## Ex parte TSUNETARO MACHIDA.

(District Court, W. D. Washington, N. D. September 16, 1921.)

No. 6190.

1. Aliens ⬦⟿53—Deportation of those becoming "public charge," "public."

As used in Immigration Act Feb. 5, 1917, § 19 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj), providing for the deportation of "any alien who within five years after entry becomes a public charge from causes not affirmatively shown to have arisen subsequently to entry," "public" means the people or government of the United States and a per-

son becomes a "public charge" when committed to a department of the government by due course of law.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Public; Second Series, Public Charge.]

**2. Aliens ⬅⬆53—Alien convicted and sentenced to imprisonment subject to deportation as having become a public charge.**

An alien who before entry committed a crime against the United States, but for which he had not been convicted, and which he did not admit at the time of entry, on his subsequent conviction and sentence to imprisonment within five years *held* subject to deportation under Immigration Act Feb. 5, 1917, § 19 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj), as having become a "public charge."

Habeas Corpus. In the matter of the application of Tsunetaro Machida for a writ to secure release from detention for deportation. Petition denied.

Thos. R. Horner, of Seattle, Wash., for petitioner.

Charlotte Kolmitz, Asst. U. S. Atty., and Robert C. Saunders, U. S. Atty., both of Seattle, Wash., for the United States.

NETERER, District Judge. The petitioner charges that he is worngfully deprived of his liberty by the Commissioner of Immigration. A show cause was issued and return avers that the petitioner is detained for deportation as an alien person not entitled to remain by virtue of an order issued by the Secretary of Labor. To the return is attached the record and file in the hearing before the bureau. The petitioner is directed to be deported for the reason that:

"He has become a public charge within five years after his entry into the United States from causes not affirmatively shown to have arisen subsequent thereto, and that he was a person likely to become a public charge at the time of entry into the United States."

The court record of conviction, which is conclusive here, shows that the alien was responsible for the entry of contraband aliens from Mexico and on being indicted pleaded guilty and was sentenced to the federal prison for two years. He urges that the offense for which he was convicted is not urged as a ground for deportation, and that he is not a person likely to become a public charge, a charge where for some reason a person is to be supported "at public expense by reason of poverty; insanity and poverty; disease and poverty," and not for a reason which is included within the other provisions of the statute with relation to crime and conviction. Section 3, Act. Feb. 5, 1917 (section 4289¼b, Comp. Stat.), excludes:

"Persons who have been convicted of, or admit having committed a felony or other crime * * * involving moral turpitude * * * [and] persons likely to become a public charge."

Section 19 (section 4289¼jj) fixes conduct or condition of aliens admitted for which they may be deported:

(1) "Any alien who within five years after entry becomes a public charge from causes not affirmatively shown to have arisen subsequently to landing; * * *" (2) "any alien who is hereafter sentenced to imprisonment for a

⬅⬆For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

term of one year or more because of conviction \* \* \* of a crime involving moral turpitude, committed within five years after the entry of the alien to the United States. \* \* \*"

A felony is an offense which may be punished by death or imprisonment for a term exceeding one year. Crim. Code, § 335 (section 10509, Comp. Stat.). "Turpitude" is defined by Webster to be inherent baseness or vileness of principal or acting.

"Everything done contrary to justice, honesty, modesty, and good morals is said to be done with turpitude." Bouvier.

And "moral turpitude" is defined as:

"An act of baseness, villainy, or depravity in the private social duties which a man owes to his fellow man or to society in general, contrary to the accepted and customary rule of right and duty between man and man. State v. Mason, 29 Ore. 18; Blackburn v. Clark, 41 S. W. 430; Baxter v. Mohr, 76 N. Y. Sup. 982." 5 Words and Phrases, p. 4580.

[1] "Public" is defined by Bouvier as "the whole body politic or all the citizens of the state." The public in this case is the people, the government of the United States. "Charge" (Webster): "To lay on or impose as a tax, duty or trust." A judgment is a charge upon land. Darling v. Rogers, 22 Wend. (N. Y.) 491. A married woman may charge her separate estate. Radford v. Carwile, 13 W. Va. 658. Charge may be said to be a responsibility peculiar to the person affected, and a public charge to be a person committed to the custody of a department of the government by due course of law.

[2] The alien in this case could not be excluded, because he had not been convicted of a felony, nor did he admit having committed the act at the time of entry. He may not be deported because of the offense, because it was committed before entry. When he was convicted he became a public charge, and a tax, duty, and trust was imposed upon the government by his conduct; and at the time of his entry he was likely to become a public charge by reason of the crime which he had committed. The intent of the Congress unquestionably was to exclude persons unfitted as defined to enter, and made provision that, if within a limited period it was disclosed that they were disqualified at the time of entry, deportation should be made, and, the provision of statute being broad enough to include the charge, which is not covered by any other provision, the writ will be discharged.