## Ex parte REEVES.

(District Court, W. D. Washington, N. D.    January 30, 1923.)

No. 7352.

**Aliens ⬤═49—Alien who commits crime punishable by imprisonment is subject to deportation as a person likely to become "public charge."**

An alien, who shortly after entry commits a criminal offense punishable by imprisonment, is a person likely to become a "public charge," and is subject to deportation for unlawful entry within five years.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series. Public Charge.]

Habeas Corpus.   Petition by William Arthur Reeves for discharge from custody under deportation order.   Writ denied.

Arthur E. Griffin, of Seattle, Wash., for petitioner.
Thos. P. Revelle and Charles P. Moriorty, both of Seattle, Wash., for the United States.

NETERER, District Judge.   The petitioner is held under warrant of deportation, for:

"That he imported or attempted to import a woman for immoral purposes, that he was a person likely to become a public charge at the time of his entry, and that he entered without inspection."

The petitioner charges that he was denied a fair hearing and that there is no evidence to sustain the charge for deportation.   The immigration inspector found as a fact at the hearing that:

"On October 17, 1922, Mr. Reeves was legally admitted to the United States at the port of Sumas, Wash., * * * and about October 28, 1922, he returned to Canada on a business trip, * * * and returned via the port of Sumas November 1, 1922, without inspection."

There is no testimony that he imported a woman for immoral purposes.   The finding of the immigration inspector is that the woman referred to did *not* come to the United States "with any intention of having immoral relations with any one."   The petitioner did enter without inspection on November 1st, and he did stop at a hotel in Marysville with a woman not his wife, August 21, 1922, occupied the same bed with her, and the record is conclusive, I think, against him, that he did have sexual intercourse with this woman, not his wife.   The petitioner had previously been in the United States, and at the time was married and the father of two children.   The woman with whom he cohabited was likewise married.   By the statute of Washington (section 2457, Rem. Comp. Stat.):

"Whenever any married person shall have sexual intercourse with any person other than his or her lawful spouse, both such persons shall be guilty of adultery and upon conviction thereof shall be punished by imprisonment in the state penitentiary * * * or by a fine. * * *"

⬤═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

—provided the prosecution is commenced within one year from the date of the offense. The petitioner, therefore, was likely to become a public charge (In re Tsunetaro Machida, 277 Fed. 239, decided by this court September 16, 1921), and did enter without inspection. The conclusion of the department is sustained, without a consideration of the record of the hearing on the deportation of Mrs. Lehrman, to which the petitioner was not a party.

Writ denied.